(No. 11122.—Decree affirmed.)
ANTONE ROTES, Plaintiff in Error, vs. MARY ROTES et al.
Defendants in Error.

*Opinion filed February 21, 1917.*

1. SPECIFIC PERFORMANCE—*what must be shown to entitle one
to specific performance of oral contract to convey.* Before one is
entitled to the specific performance of an oral contract for the con-
veyance of land it is incumbent upon him to show, by evidence
which is convincing and free from doubt, that the contract was
certain and definite in its terms.

2. SAME—*what is not sufficient proof of oral contract to entitle
one to specific performance.* Specific performance of an alleged
oral contract by complainant's father to give him a certain farm
cannot be decreed, where all that is shown by the evidence is that
the father made statements which might be construed to mean that
he had either made, or intended at some time to make, a gift of the
farm to complainant, and had executed a deed to take effect after
his death, which had not been delivered.

WRIT OF ERROR to the Circuit Court of Pope county;
the Hon. A. W. LEWIS, Judge, presiding.

H. A. EVANS, and WILLIAM H. MOORE, for plaintiff
in error.

CHARLES DURFEE, and JOHN W. BROWNING, for de-
fendants in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

John Rotes died intestate January 20, 1914, seized of a
farm containing 161 acres in Pope and Hardin counties.
At the time of his death his son Antone Rotes, plaintiff in
error, was in possession of this farm. John Rotes left sur-
viving him two sons, Sebastian Rotes and plaintiff in error,
and the children of a deceased daughter, as his only heirs-
at-law. Shortly after the death of John Rotes, Sebastian
Rotes and the children of the deceased daughter filed a suit
in ejectment against plaintiff in error in the circuit court

of Pope county for the possession of the undivided two-thirds of the farm. Thereafter plaintiff in error filed his bill for specific performance and injunction, in which he alleged that he was in equity the owner of the real estate in question under a completed oral contract made with his father in his lifetime; that his father had put him in possession of the real estate under that contract in 1899 and he had been in the exclusive possession and had had control of the real estate since that time; that he had made valuable improvements thereon, had cleared a part of the timber land and had brought the farm up to a high state of cultivation; that he has paid the taxes on it during that time, managed and controlled it as his own, and that it constituted his home. The widow of John Rotes, being his second wife, was made a party to the bill. She answered and filed a cross-bill. The relief she prayed was denied her, and as she abided the decree it will not be necessary to consider the issues raised by the cross-bill. Sebastian and the children of the deceased sister were made parties defendant to the bill, and they answered, denying that any such contract had been made between John Rotes and his son Antone. The Statute of Frauds was not pleaded nor relied upon. On a hearing the court dismissed the bill for want of equity, and this writ of error was sued out to review that decree.

John Rotes resided upon this farm until about three or four years prior to his death. Plaintiff in error has resided there during all of his lifetime. He has been married fifteen or sixteen years and after his marriage lived in the same dwelling with his father. After the death of his first wife, and upon his re-marriage, John Rotes took up his residence in the city of Golconda, where he resided until his death.

There is no proof whatever that John Rotes entered into any contract with plaintiff in error in respect to this real estate. The only proof offered by plaintiff in error that might have any tendency whatever to show the existence of

any contract between him and his father was the testimony of a number of witnesses that John Rotes had stated to them, during his lifetime, that he had given the farm to Andy, as the plaintiff in error was commonly called, and that he wanted Andy to have the place after his death, and the further proof that plaintiff in error had possession of the farm and controlled it, had improved it by building a barn at a cost of about $700, had cleared off a part of the land, and had built fences and various small out-buildings. Plaintiff in error also introduced in evidence a deed dated November 24, 1913, executed by John Rotes and his wife, conveying to him the land in question. This deed contained the following clause: "It is understood and intended by the grantors of this deed that the same is of no force and effect until after the death of said John Rotes, and after which time the same shall be in full force and effect and the title then to pass to the said Andy Rotes." This deed was never delivered. The scrivener who prepared the deed testified that John Rotes told him that he wanted Andy to have the farm; that he had been living there and had built a barn and other buildings on the place, and he wanted him to have it after his death. After the deed was executed he remarked that he would attend to it in a few days, and put it in a box in which he kept his papers. The deed was found there after his death. This is, in substance, the proof offered by plaintiff in error upon which he claims he is entitled to specific performance.

Before one is entitled to the specific performance of an oral contract for the conveyance of land it is incumbent upon him to show that the contract was certain and definite in its terms by evidence which is convincing and free from doubt. (*Lonergan* v. *Daily,* 266 Ill. 189; *Mitchell* v. *Art Institute of Chicago,* 269 id. 381; *Kane* v. *Hudson,* 273 id. 350.) This plaintiff in error has entirely failed to do. He has shown no contract whatever. The most that can be said of the evidence is that the father made statements which

might be construed to mean that he had either made, or intended at some time to make, a gift of the farm to plaintiff in error. It was not shown that a gift ever was made or that John Rotes had ever contracted to convey the land. The deed executed by John Rotes shortly before his death tends to disprove the position taken by plaintiff in error rather than to strengthen it. The deed itself is ineffective as a conveyance as it was never delivered, and it showed the plain intent of Rotes that plaintiff in error was not to have the farm until his death. The execution of the deed by the father is inconsistent with the theory that he had entered into a contract with plaintiff in error which he was entitled to have specifically performed.

The decree of the circuit court is affirmed.

*Decree affirmed.*